# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **FRANK EMANUAL KING #60100,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO. 3:23-cv-00042** |
| v. ) | |
| ) | **JUDGE CAMPBELL** |
| **MONTGOMERY COUNTY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

Frank Emanual King, a pretrial detainee at the Montgomery County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), an application to proceed as a pauper (Doc. No. 14), and several miscellaneous motions relating to his ongoing criminal prosecution in state court. (Doc. Nos. 5–8, 10, 13). This case is before the Court for initial review. As explained below, the miscellaneous motions will be **DENIED**, as there is no basis for this Court to intervene in ongoing state criminal proceedings. Plaintiff's Section 1983 claim for false arrest/false imprisonment, however, will be **STAYED** pending resolution of the state proceedings. Plaintiff **MUST** keep the Court informed of the status of his state proceedings by following the instructions in the Order entered with this Memorandum.

## I. APPLICATION TO PROCEED AS A PAUPER

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper reflects that he cannot pay the filing fee in advance, so the application (Doc. No. 14) will be **GRANTED**, and Plaintiff will be assessed the $350.00 filing fee in the accompanying Order.

## II. INITIAL REVIEW

The Court must determine if the Complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)–(b). Because Plaintiff is representing himself, the Court must also hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

This case arises from Plaintiff's arrest and prosecution by state authorities. (Doc. No. 1 at 4). As Defendants, Plaintiff names Montgomery County, District Attorney (DA) Robert Nash, Drug Task Force member Sergeant Bushnell, and former Drug Task Force member Deputy Charles Bryant. (*Id.* at 1–3). Plaintiff alleges as follows:

In June 2022, Plaintiff went to the residence of Taylor Mayes in Clarksville, Tennessee. (*Id.* at 11). Mayes gave Plaintiff permission to take a shower, and then Mayes left to run errands. (*Id.*). A few minutes later, law enforcement officers arrived with an arrest warrant for Mayes. (*Id.*). Although Mayes was gone, the officers arrested Plaintiff based on an outstanding warrant for failure to report to probation. (*Id.*). Deputy Bryant started driving Plaintiff to the Montgomery County Jail, but soon returned to the Mayes residence because, according to Bryant, "the Acura in the driveway was stolen." (*Id.*). Bryant entered the residence and retrieved the keys to the Acura. (*Id.*). Bryant then searched the Acura and seized "multiple items" from the vehicle. (*Id.*). Plaintiff was then taken to the police station. (*Id.*).

At the station, Sergeant Bushnell "informed [Plaintiff] of [the] items seized" from the Acura and told Plaintiff that, if Plaintiff did not conduct controlled buys for the Drug Task Force, Plaintiff would be charged with the items seized from the Acura and drugs seized from the Mayes

2

residence. (*Id.*). Bushnell also told Plaintiff that, after the arrest warrant for these items was issued, Bushnell would have Plaintiff "detained for as long as legally possible in order for [Plaintiff] to lose everything [he] own[s] or for the courts to build a case against [Plaintiff] to send [Plaintiff] to prison." (*Id.* at 13). Plaintiff refused the offer, and he was taken to the Montgomery County Jail, where he served about three weeks for the failure-to-report charge. (*Id.* at 11). Plaintiff was then released. (*Id.*).

On August 18, 2022, Plaintiff was arrested and charged with the items seized from the Acura and drugs seized from the Mayes residence. (*Id.* at 11, 13). Plaintiff alleges that he "was charged with discovered drugs base[d] purely on suspicions made by Deputy Bryant." (*Id.* at 12). Plaintiff further alleges that the Acura was not his, he did not have access to the Acura, he did not possess the items seized from the Acura or the Mayes residence, and no seized items were field tested or identified in his presence. (*Id.*).

At the time Plaintiff filed the Complaint, he alleged that he had not been indicted. (*Id.* at 13). However, the Court takes judicial notice that, on February 7, 2023, Plaintiff was indicted for four drug-related offenses in Case No. 63CC1-2023-CR-183. *See* Montgomery County Online Court Records System, https://montgomery.tncrtinfo.com/crCaseForm.aspx?id=F6876EFA-045D-43C9-807E-07A7F3C198EB (last visited Mar. 30, 2023).

**B. Legal Standard**

To decide if the Complaint states a claim, the Court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted). Here, all named Defendants (Montgomery County, DA Nash, Sergeant Bushnell, and Deputy Bryant) were state actors, and Plaintiff asserts that Defendants deprived him of rights secured under federal law by subjecting him to false arrest, false imprisonment, and "profiling/stereotyping." (Doc. No. 1 at 4).

As an initial matter, the Court notes that Plaintiff sues Defendants Nash, Bushnell, and Bryant in both their individual and official capacities. (*Id.* at 2–3). An official-capacity claim is equivalent to a claim against the entity that a defendant represents. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Plaintiff alleges that Nash, Bushnell, and Bryant each represent an arm of Montgomery County. (*See* Doc. No. 1 at 2–3). Plaintiff's official-capacity claims, therefore, are equivalent to his claims against Montgomery County. And to state a Section 1983 claim against a municipal entity like Montgomery County, Plaintiff must allege that the County's policy or custom directly caused him to suffer an asserted constitutional violation. *See Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). The Complaint, even liberally construed, does not contain any allegations of a policy or custom

4

attributable to Montgomery County. Accordingly, Plaintiff's claims against Montgomery County (and his equivalent official-capacity claims against Nash, Bushnell, and Bryant) will be dismissed.

Turning to Plaintiff's individual-capacity claims, Plaintiff names DA Nash as a Defendant on the complaint form, but Plaintiff does not describe any specific actions by Nash in the body of the Complaint. That is not sufficient to state an individual-capacity claim. *See Gilmore v. Corr. Corp. of. Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under [Section] 1983." (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, (1978))). Accordingly, DA Nash will be dismissed as a party.

That leaves Sergeant Bushnell and Deputy Bryant as potential Defendants to Plaintiff's claims for false arrest, false imprisonment, and profiling/stereotyping. Plaintiff does not provide any factual allegations to support a profiling claim, such as a claim of discrimination brought under the Equal Protection Clause, so any such claim will be dismissed. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 345 (6th Cir. 2014) ("Conclusory equal protection claims, without specific factual allegations, are inadequate to state a civil rights claim." (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008)).

Finally, Plaintiff does not meaningfully distinguish between his claims for false arrest and false imprisonment, so the Court will consider them together. *See Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020) ("When a false-imprisonment claim arises out of an alleged false arrest—as it does in this case—those claims are identical." (citation omitted)). "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Id.* (quoting *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005)). Here, Plaintiff alleges that Sergeant Bushnell and Deputy Bryant participated in the decision to

5

arrest Plaintiff for drug-related offenses tied to items seized in June 2022 from both the Mayes residence and the Acura parked outside the Mayes residence. Liberally construing the allegations in Plaintiff's favor and accepting them as true, as required at this stage of the case, Plaintiff has also alleged that probable cause was lacking for this arrest. Plaintiff, therefore, has stated a potential false arrest/false imprisonment claim against Bushnell and Bryant in their individual capacities.[1]

Because Plaintiff is currently facing state criminal charges related to this potential civil claim, however, this case cannot proceed at this time. As the Supreme Court has explained, the appropriate course of action in these circumstances is to stay this civil case for as long as it takes to resolve Plaintiff's state criminal proceedings:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (citations omitted).

If Plaintiff is ultimately convicted in his state criminal case, then this civil case may be subject to dismissal based on the "*Heck* doctrine." *Id.* at 394 (citations omitted). That is because *Heck* bars a Section 1983 claim "if its success 'would necessarily imply the invalidity of [a] conviction or sentence.'" *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (quoting *Heck*, 512 U.S. at 487). But if Plaintiff is not convicted, if his conviction is not necessarily invalidated

---

[1] To the extent that Plaintiff also asserts a malicious prosecution claim, however, he fails to state a claim because the criminal proceedings arising from his allegedly false arrest have not been resolved in his favor. *See King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) ("[A] malicious-prosecution claim is not available before the favorable termination of criminal proceedings." (citing *Heck v. Humphrey*, 512 U.S. 577 (1994))).

6

by this civil claim, or if his conviction is later set aside within the meaning of *Heck*,[2] then this case may proceed, "absent some other bar to suit." *Wallace*, 549 U.S. at 394 (citations omitted).

## III. MISCELLANEOUS MOTIONS

Plaintiff filed several motions asking this Court to intervene in his ongoing state criminal proceedings. (Doc. No. 5 (motion to suppress); Doc. No. 6 (motion for bond reduction); Doc. No. 7 (motion to dismiss charges); Doc. No. 8 (motion to view/inspect discovery); Doc. No. 10 (motion for a speedy trial); Doc. No. 13 (motion to waive indictments)). The Court cannot and will not intervene in Plaintiff's state criminal prosecution through this Section 1983 case. "[T]he law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of 'great and immediate' irreparable injury." *Govea v. Tennessee*, No. 3:19-cv-00480, 2019 WL 3202995, at *3 (M.D. Tenn. July 15, 2019) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)); *see also Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004) ("[F]ederal courts should abstain from deciding a matter that implicated pending state criminal proceedings." (citing *Younger*, 401 U.S. at 43–45)).

This principle is referred to as *Younger* abstention. It provides that federal abstention is appropriate where: 1) there is an on-going state judicial proceeding; 2) the proceeding implicates important state interests; and 3) there is an adequate opportunity to raise constitutional challenges in the state proceeding. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (citing *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)). Here, 1) Plaintiff is facing an ongoing state prosecution; 2) "state criminal proceedings involve important state interests," *Gonnella*, 115 F. App'x at 771–72 (citing *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000)); and 3) Plaintiff

---

[2] "In *Heck*, the [Supreme] Court listed four ways a conviction could be invalidated: (1) reversal on direct appeal; (2) executive expungement; (3) declared invalid by a state tribunal; or (4) called into question by a writ of habeas corpus." *Carr v. Louisville-Jefferson Cnty.*, 37 F.4th 389, 392 (6th Cir. 2022) (citing *Heck*, 512 U.S. at 486–87).

does not allege that the state court has refused or would refuse to consider constitutional challenges in his pending proceeding. And Plaintiff's miscellaneous motions do not implicate the exceptions to *Younger* abstention. *See Am. Fam. Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 335 (6th Cir. 2007) (noting that exceptions to *Younger* abstention include "bad faith, harassment, or flagrant unconstitutionality" (quoting *Squire*, 469 F.3d at 555)). Accordingly, these motions will be **DENIED**.

At this stage in the criminal process, the proper forum for litigating the miscellaneous motions discussed above is the state trial court. If Plaintiff is dissatisfied with the outcome of his litigation in state court, Plaintiff may exercise his right to appeal to the appropriate state appellate court as authorized by Tennessee law.

## IV. CONCLUSION

For these reasons, Plaintiff states a potential false arrest/false imprisonment claim against Sergeant Bushnell and Deputy Bryant in their individual capacities. All other claims and Defendants will be **DISMISSED**, and Plaintiff's miscellaneous motions (Doc. Nos. 5–8, 10, 13) will be **DENIED**.

This case will be **STAYED** pending resolution of Plaintiff's ongoing state criminal proceedings. Plaintiff **MUST** keep the Court informed of the status of these proceedings by following the instructions in the Order entered with this Memorandum.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE